# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FERNANDO D. RICE,

      Petitioner,  :  Case No. 1:06-cv-815

      -vs-  :  District Judge Michael R. Barrett
                            Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, WARDEN,

      Respondent.  :

## REPORT AND RECOMMENDATIONS;
## ORDER DENYING EXPANSION OF THE RECORD

Petitioner Fernando Rice was sentenced in the Hamilton County Common Pleas Court to concurrent sentences of nine years each on two counts of trafficking in cocaine. He seeks habeas corpus relief pleading the following claims:

> **Ground One:** Petitioner was denied access to available appellate remedies in violation of due process and equal protection.
>
> **Supporting Facts:** Petitioner was never notified of his right to appeal under Ohio law, never provided with counsel to timely appeal, and his request for delayed appeal was rejected, despite fulfilling the stated requirements to obtain leave to file a delayed appeal. Petitioner was deprived of any available remedy to obtain review of his unlawful sentence and the ineffectiveness of counsel.
>
> **Ground Two:** Petitioner was deprived of due process of law as well as right to jury trial by judicial fact finding of facts not presented in a charging instrument used to enhance as sentence beyond the statutory maximum.
>
> **Supporting Facts:** Petitioner was charged with several offenses, and convicted based on a guilty plea to two (2) felonies of the first

-1-

> degree, carrying a maximum prison term of three years concurrent with each other. The trial court made fact findings without any proof standard of facts not alleged in the charging instrument or admitted to or waived by Petitioner to triple the maximum sentence in this case without notice to Petitioner or any opportunity to respond to the allegations suggested in the judicial fact finding.
>
> **Ground Three:** Petitioner was deprived of the effective assistance of counsel at trial and on appeal.
>
> **Supporting Facts:** Petitioner's trial counsel failed to raise any objection to the unlawful sentencing procedures used by the trial court, failed to file a timely notice of appeal, and advised Petitioner incorrectly on a clear point of law in regards to the [sic] maximum sentence available while advocating the signing of the plea agreement. The courts failed to appoint counsel to timely file a notice of appeal for Petitioner.

(Petition, Doc. No. 1, at 7-9.)

## Procedural History

Petitioner was indicted in September, 2004, on five counts of trafficking in cocaine with two major drug offender specifications and three counts of possession of cocaine. Six months later he pled guilty to two counts of trafficking cocaine (Counts 1 and 4 of the Indictment) and the State withdrew the remaining claims. He was then sentenced to nine years on each of the Counts to which he pled. More than six months later, he sought to file a delayed appeal in the Hamilton County Court of Appeals. The Court denied leave, concluding that Petitioner "failed to provide sufficient reasons for failure to perfect an appeal as of right." The Ohio Supreme Court declined to take jurisdiction of an appeal and the United States Supreme Court denied certiorari. On October 11, 2005, Petitioner filed a petition for post-conviction relief which remains pending in the Hamilton

County Common Pleas Court.  Mr. Rice then filed his Petition in this Court on November 30, 2006.

Respondent raises no affirmative defenses to the Petition but asserts that Petitioner is not entitled to relief on the merits of any of this three claims for relief.

**Ground One**

In Ground One Petitioner asserts that he was denied his right to appeal because he was never told of it nor provided an attorney who could prosecute the appeal.  Respondent asserts that the record plainly contradicts this claim on the facts.  The following colloquy appears in the transcript of trial court proceedings:

> The Court: Mr. Rice, have you discussed your appellate rights with your attorney?
>
> The Defendant: Yes
>
> The Court: Do you need any further advise [sic] on that? Are you satisfied that you understand that?
>
> The Defendant: Yes.
>
> Mr. Ellsworth: We would ask that they be read into the record, your Honor.
>
> The Court: You have a right to appeal the conviction and sentence in this case. You do that by filing a notice of appeal with the Clerk of Courts for the Court of Common Pleas within 30 days of this sentence.
> If you're unable to pay the cost of appeal, you have right to appeal without payment of those costs.
> If you are unable to obtain counsel for appeal, counsel will be appointed without cost.
> If you are unable to pay the cost of documents necessary to appeal, documents will be provided without cost. You have the right to have a notice of appeal timely filed on your behalf.
> Do you wish to appeal?

       The Defendant: No, sir.

(Tr. 13-14, Ex. 23 to Return of Writ).

       Rice responds "The Petitioner is of the firm belief that the truth of the proceedings may be inaccurate as to the recitation of the record by Respondent, a procedural due process violation." (Traverse, Doc. No. 7, at 4.) The proceedings were recorded and transcribed by an official court reporter. Petitioner offers no evidence that the record was fabricated nor any alternative as to what was said. In the absence of some evidence that the record has been fabricated, it is entitled to a presumption of correctness which Petitioner has not overcome. *Hardaway v. Withrow,* 305 F.3d 558 (6th Cir. 2002).

       Petitioner argues in the alternative that this waiver of appeal is not valid because he was not informed of all aspects of his appellate rights. He claims that he was misled by his attorney, the trial judge, and the plea agreement form into believing he only had a right to appeal a maximum sentence. Actually, the plea agreement form correctly refers to the provision of Ohio law, not cited in the form, which allows an appeal of a maximum sentence, Ohio Revised Code § 2953.08. That provision, enacted as part of Ohio Senate Bill 2 in 1996, allows an appeal that was not theretofore available under Ohio law. Petitioner did not have the right to appeal his sentence under Ohio Revised Code § 2953.08 because it was not a maximum sentence. However, Judge Schweikert's explanation of appeal rights was in no way limited to an appeal under Ohio Revised Code § 2953.08 but referred to the right to appeal generally. Asked whether he wishes to appeal at all, Petitioner answered no.

       There is no general federal constitutional right to appeal a criminal conviction. There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153

U.S. 684, 38 L. Ed. 867, 14 S. Ct. 913 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005).  "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).  Here the trial judge assiduously protected Petitioner's federal equal protection rights with respect to appeal – the right to counsel and to proceed on appeal *in forma pauperis*.

*Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003)(Spiegel, J.), is not to the contrary. In that case there was no evidence the defendant had ever been advised of his right to appeal.  Here, that advice is clear on the record.

Ground One is without merit.


Ground Two

In Ground Two Petitioner asserts he received a sentence in excess of the statutory maximum based on judicial findings of fact not set forth in the Indictment.  This Ground for Relief sets forth a constitutionally cognizable claim under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004).  Rice asserts that Ohio law provides a range of three to ten years for a first-degree felony[1] but that the most a trial judge can impose is the minimum within that range (two wit, 3 years) unless the judge makes additional findings of fact.

What Petitioner fails to acknowledge is that, under Ohio law as enacted by S.B. 2, no additional fact finding is necessary if there is an agreed sentence.  As the Ohio Supreme Court explained in *State v. Porterfield*, 106 Ohio St. 3d 5, 829 N.E.2d 690 (2005):

---

[1]The two counts of drug trafficking to which Petitioner pled guilty are conceded to be first degree felonies under Ohio law.

> The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.

829 N.E. 2d at 694. In other words, Ohio law required[2] findings of fact justifying a sentence above the bottom of the range only if the parties did not agree on the sentence.

Petitioner asserts, contrary to the holding in *Porterfield*, that additional fact finding was required by Ohio law even with an agreed sentence (Traverse, Doc. No. 7, at 6). In support he asserts that there is a standard Felony Sentencing Finding Form used to make such findings in the Hamilton County Common Pleas Court and moves (Doc. No. 8) to have the record expanded to include the copy of that form prepared in this case. Respondent replies that no such document exists in this case (Doc. No. 9). The Motion to Expand is DENIED. More importantly, the fact that such a standard form exists but was never prepared in this case undermines Petitioner's claim that additional findings were needed and made here.

Since *Blakely* does not invalidate a state sentencing scheme which provides for agreed-upon sentences, there is no error here and the Court need not consider the harmless error arguments of the parties.

Ground Two for relief is without merit.

**Ground Three**

---

[2]Ohio law no longer requires such fact finding. In *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), the Ohio Supreme Court found S.B. 2 unconstitutional under *Blakely* and severed those portions of the statute requiring judges to justify sentences within the statutory range.

In his Third Ground for Relief, petitioner asserts he was deprived of the effective assistance of counsel at both the trial and appellate levels. He claims his trial attorney failed to object to the errors in sentencing procedure, failed to file a timely notice of appeal, and advised him incorrectly on what the maximum sentence was. With respect to appellate counsel, he claims none was ever appointed.

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

As shown in the discussion of the first two grounds for relief, Petitioner's trial attorney did not perform deficiently in the ways asserted because there was no error to object to in the sentencing procedure and the advice given about the maximum sentence was not incorrect. His trial attorney failed to file a notice of appeal and the Ohio courts failed to appoint an appellate attorney because Petitioner said he did not want to appeal. Ground Three is without merit.

**Conclusion**

*Blakely* does not render Ohio's agreed sentence procedure under S.B. 2 unconstitutional. The Petition herein should be dismissed with prejudice on the basis of the foregoing analysis. Because this result would not be debatable among reasonable jurists, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 8, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Rice Habeas R&R.wpd