# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FERNANDO D. RICE,

    Petitioner,  :  Case No. 1:06-cv-815

   -vs-  :  District Judge Michael R. Barrett
        Chief Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

    Respondent.  :

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This case is before the Court on Petitioner's Notice of Appeal and Application for Certificate of Appealability (Doc. No. 23).

In the Report and Recommendations on the merits (Doc. No. 12), the Magistrate Judge recommended that Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability. In adopting the Report and Recommendations, District Judge Barrett denied leave to appeal and any requested certificate of appealability (Doc. No. 14). Petitioner now effectively seeks reconsideration of that decision.

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

    (c)
    (1) Unless a circuit justice or judge issues a certificate of

>>appealability, an appeal may not be taken to the court of appeals from--
>>>(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>>(B) the final order in a proceeding under section 2255.
>
>>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc).  Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255.  *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997).  Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate.  *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

　　　　To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).  That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  If the

district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003).

In his proposed appeal, Petitioner wishes to raise the following assignments of error:

**Proposed Assignment of Error No. I:**

>The district court erred in failing to establish whether or not the state sentencing court possessed subject matter jurisdiction to the sentencing enhancement elements to sustain a conviction of those enhancement elements.

**Proposed Assignment of Error No. II:**

>The district court erred in its assessment of a 30 day extension of time from filing date thereby preventing the appellant from timely filing his objections.

(Application, Doc. No. 23, at 1 and 3).

## Analysis

Proposed Assignment of Error No. I is not a matter which the Court of Appeals will consider on appeal because it was never raised in this Court prior to judgment. It is axiomatic that appellate courts will not consider issues which were not properly brought to the attention of the trial court for resolution in the first instance. *Singleton v. Wulff,* 428 U.S. 106, 120 (1976); *Ralph Schrader, Inc., v. Diamond International Corp.*, 833 F.2d 1210, 1214 (6th Cir. 1987).

Moreover, Proposed Assignment of Error No. I is completely without merit. While federal courts have the obligation to consider their own subject matter jurisdiction *sua sponte*,[1] they are not

---

[1] *Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2, 101 S. Ct. 764, 770, n.2, 66 L. Ed. 2d 722 (1981).

under any like obligation to consider the subject matter jurisdiction of the state court which has adjudicated a criminal case unless lack of that court's subject matter jurisdiction has been raised as a claim for relief.

Furthermore, Petitioner has not cast any colorable doubt on the subject matter jurisdiction of the court which convicted him. He was indicted and convicted in the Hamilton County Common Pleas Court for felony drug trafficking. Ohio Common Pleas Courts are courts of general criminal jurisdiction. Petitioner cites no Ohio law which would deprive a Common Pleas Court of jurisdiction of the subject matter of a felony criminal offense because the indictment was deficient.

In Proposed Assignment of Error No. II, Petitioner asserts the District Court incorrectly "assessed" his request for extension of time to file objections.

The Report and Recommendations (Doc. No. 12) were filed on December 10, 2007. Under Fed. R. Civ. P. 72, objections were due on or before December 28, 2007. (10 days with intervening Saturdays, Sundays, and the legal holiday of Christmas excluded). On December 13, 2007, Defendant asked for a thirty-day extension (Doc. No. 13). He did not specify that he wanted thirty days after the normal time for objections expired; he merely asked for thirty days. His Motion was granted by notation order on the same day it was filed. The thirtieth day after December 13, 2007, was January 12, 2008. Judge Barrett waited an additional thirteen days for any objections before adopting the Report and Recommendations (See Doc. No. 14).

By Petitioner's own argument, his objections would have been due on January 27, 2008, which is thirty days after the first objection period expired. Petitioner filed no objections on January

-5-

27, 2008. Instead, on January 25, 2008, he filed[2] a Motion for an additional sixty-day extension which was denied because the Court had, by that time, entered judgment (See Doc. No. 18). On February 21, 2008[3], nearly a month after his time expired by his own calculation, Petitioner filed Objections (Doc. No. 19).

Petitioner cannot establish any prejudice from the Court's calculation of when the thirty-day period expired because he did not filed Objections within the time as he himself calculated it. He had no "right," no entitlement to another sixty-day extension.

Accordingly, Petitioner's Application for a Certificate of Appealability should be denied.

March 13, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

---

[2] Petitioner actually mailed the Motion on January 25, 2008, according to his Certificate of Service. Under the prison mailbox rule, the Motion is deemed filed when mailed. . *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). The Motion was docketed by the Clerk on January 29, 2008, when it was actually received.

[3] The date of mailing; the Objections were received and docketed by the Clerk on February 26, 2008.

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).