# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FERNANDO D. RICE,

    Petitioner,

:

Case No. 1:06-cv-815

  -vs-

:

District Judge Michael R. Barrett
Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, WARDEN,

    Respondent.

:

## REPORT AND RECOMMENDATIONS

    This case is before the Court on Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) on grounds the Court entered judgment before Petitioner's time to file objections to the Report and Recommendations had expired (Doc. No. 22).

    Petitioner has now appealed from this Court's final judgment (Notice of Appeal, Doc. No. 23). The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals. 9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46. Generally, the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals with regard to any matters

involved in the appeal except in aid of the appeal or to correct clerical errors under Fed. R. Civ. P. 60(a) until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). The general rule means that a district court has no jurisdiction to rule on a motion for relief from judgment after a timely notice of appeal. If the district court is disposed to grant such relief, it may enter an order so indicating and the appellant may then file a motion to remand. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993).

For the reasons stated at length in the Report and Recommendations on Petitioner's Application for Certificate of Appealability (Doc. No. 26), Petitioner's claim about the timeliness of his Objections is not well taken. For those reasons, the Court should not indicate to the Court of Appeals that it is inclined to grant the Motion for Relief from Judgment.

March 13, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d

435 (1985).